Samuel J. Smith, SBN 242440
   Email:  samuel@sjscounsel.com
Adam B. Steinbaugh, SBN 304829
   Email: adam@sjscounsel.com
**SJS COUNSEL, APC**
5757 Wilshire Boulevard
Penthouse 20
Los Angeles, California 90036
Telephone:  (310) 271-2800
Facsimile:  (310) 271-2818

Daniel L. Reback, SBN 239884
   Email:  dreback@kranesmith.com
Jeremy Smith, SBN 242430
   Email:  jsmith@kranesmith.com
Benjamin J. Smith, SBN 266712
   Email:  bsmith@kranesmith.com
**KRANE & SMITH, APC**
16255 Ventura Boulevard, Suite 600
Encino, California 91436
Telephone:  (818) 382-4000
Fax:  (818) 382-4001

*NOTE CHANGES MADE BY THE COURT*

*NOTE CHANGES MADE BY THE COURT*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GORDON,<br><br>          Plaintiff,<br><br>     v.<br><br>WAL-MART STORES INC., et al.,<br><br>          Defendants. | Case No. 2:15-cv-03588-AB-AGR<br><br>**STIPULATION FOR PROTECTIVE ORDER**<br><br>Judge: Hon. Andre Birotte Jr.<br>Courtroom: 4 |

Disclosure and discovery activity in *Christopher Gordon v. Wal-Mart Stores, Inc.*, 2:15-cv-03588-AB-AGR is likely to involve production of confidential,

proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than this litigation may be warranted. The parties agree that, in light of the foregoing, good cause exists for the issuance of a protective order pursuant to Fed. R. Civ. P. 26(c). Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

     Any person subject to this Order -- including without limitation the parties to the above-titled action ("this action"), their representatives, agents, experts and consultants and all persons acting in concert or participation with them, and all other persons with actual or constructive notice of this Order -- shall adhere to the following terms:

     1.    Any person subject to this Order who receives any "Discovery Material" (i.e., information of any kind provided in the course of discovery) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

     2.    The entity producing any given Discovery Material ("Designating Entity") may designate as Confidential only such portion of such material as consists of non-public information that the Designating Entity, in the ordinary

course of business, would not disclose to the public or to its competitors, including but not limited to:

    a.    non-public financial information (including without limitation revenues, margins, costs, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

    b.    non-public material relating to ownership or control of any company;

    c.    non-public business plans, product development information, or marketing plans;

    d.    any information of a personal or intimate nature regarding any individual;

    e.    non-public research and development information;

    f.    confidential, proprietary, and/or trade secret information; or

    g.    any other category of information hereinafter given confidential status by the Court.

3. The Designating Entity may designate as Highly Confidential only such Confidential Discovery Material as consists of information that derives independent economic value, actual or potential, from not being generally known or readily ascertainable by other persons or entities who might obtain an economic value from its disclosure or use, including, but not limited to, trade secrets, non-public business, financial or technical information, non-public research and development information, business plans relating to future or proposed operations, product development information, and marketing plans. The parties are hereby ordered to only identify information that they in good faith believe properly fits within the definition of "Highly Confidential".

4. All "Confidential" and "Highly Confidential" Discovery Material produced in the course of this action shall be used by the party or parties to whom the information is produced solely for the purposes of this action and any appeal

1  from an order or judgment entered in this action, and shall not be used for any other
2  purpose.

3      5.    The Designating Entity shall designate appropriate Discovery Material
4  as "Confidential" or "Highly Confidential" by stamping or otherwise clearly
5  marking and/or otherwise clearly designating such material as "Confidential" or
6  "Highly Confidential". With respect to Discovery Material that is contained in a
7  medium that preserves data in an electronic format such as a hard drive, CD or
8  DVD, the Designating Entity may designate such material as "Confidential" or
9  "Highly Confidential" by clearly marking as "Confidential" or "Highly
10 Confidential" either the entire medium, or as may be reasonable each page, of the
11 Discovery Material to which the Designating Entity wishes such designation to
12 apply.

13     6.    With respect to testimony given in deposition, ~~or in other pretrial or~~
14 ~~trial proceedings,~~ the Designating Entity may identify on the record all protected
15 testimony and specify the level of protection being asserted. When it is impractical
16 to identify separately each portion of testimony that is entitled to protection and it
17 appears that substantial portions of the testimony may qualify for protection, the
18 Designating Entity may invoke on the record that the entire transcript shall be
19 treated under an appropriate designation. The Designating Entity shall have 21
20 days after the receipt of the transcript to designate those portions of the transcript
21 that it wishes to designated under categories set forth in this Order. Alternatively, a
22 Designating Entity may specify, at the deposition or up to 21 days afterwards if that
23 period is properly invoked, that the entire transcript shall be treated as "Confidential
24 Information Governed by Protective Order" or "Highly Confidential Governed by
25 Protective Order" as appropriate. Any other party or third-party that has provided
26 corresponding testimony may object to such designations, in writing or on the
27 record. Upon such objection, the procedures described in paragraph 12 below shall
28 be followed. After any designation made according to the procedures set forth in

1  this paragraph, the designated documents or information shall be treated according
2  to the designation until the matter is resolved. Any party may make any Discovery
3  Material available for inspection prior to marking, and failure to mark such
4  Discovery Material prior to inspection shall not prejudice such party's right to
5  designate such Discovery Confidential or Highly Confidential subsequent to the
6  inspection and prior to producing such materials to any other party.

7       7.     Except with prior written consent of the Designating Entity producing
8  the Discovery Material, or upon an order of the Court obtained upon notice to all
9  parties and affected persons, no person subject to this Order other than the
10 Designating Entity shall disclose any of the Discovery Material designated as
11 "Confidential" or "Highly Confidential" to any person except to:

12      a.     the Court (including clerks and other Court personnel);

13      b.     only with respect to Confidential Discovery Material, employees
14 of each party who have a need to know such information, are potential witnesses
15 and/or are assisting such party in the conduct of this action, provided each such
16 person has first executed the Acknowledgement of Non-Disclosure Under
17 Protective Order in the form attached as Exhibit A hereto (excluding in-house
18 counsel);

19      c.     outside counsel who have been retained specifically for this
20 action, including any paralegal, contract attorney, clerical and/or administrative
21 assistant or staff-member employed or engaged by such counsel;

22      d.     as to any document, its author, its addressee, and any other
23 person indicated on the face of the document as having received a copy, provided
24 each such person has first executed the Acknowledgement of Non-Disclosure
25 Under Protective Order in the form attached as Exhibit A hereto;

26      e.     any person (not including any current or former employee of a
27 party) retained by a party to serve as an expert witness or otherwise provide
28 specialized advice or assistance to counsel in connection with this action (including

22665291

1  translators, non-testifying experts, accountants, litigation support contractors and
2  forensic analysts or consultants), provided such person shall personally and on
3  behalf of his or her employees execute a copy of the Acknowledgement of Non-
4  Disclosure Under Protective Order in the form attached as Exhibit A hereto before
5  being shown or given any Confidential or Highly Confidential Discovery Material,
6  <u>and</u> provided that the party shall give notice to all other parties in the lawsuit and
7  any Designating Party, before disclosing any Confidential or Highly Confidential
8  Discovery Material to that individual.  Notice under this subparagraph shall consist
9  of a written identification of the individual that is proposed to receive the
10 Confidential or Highly Confidential Discovery Material.  Any objection shall be
11 made within ten (10) business days of the notice, and shall be accompanied by a
12 reasonably detailed explanation of the basis of the objection.  Within five (5)
13 business days of receiving the objection, the party who wishes to disclose the
14 confidential information to the individual shall provide a reasonably detailed
15 response.  The parties and the Designating Party (and any other affected person)
16 shall thereafter promptly meet and confer in good faith in an attempt to resolve the
17 objection.  If an agreement is not reached as a result of the meet and confer, the
18 person/party seeking the disclosure shall have the right to move the Court for an
19 order requiring such disclosure.  If any such objection(s) are raised, no such
20 Confidential or Highly Confidential Discovery Material shall be disclosed to the
21 proposed witness/expert witness until such objection is lifted and/or the Court
22 orders that any such information be disclosed;

23    f. stenographers and videographers engaged to transcribe and
24 record depositions conducted in this action, provided each such person has first
25 executed the Acknowledgement of Non-Disclosure Under Protective Order in the
26 form attached as Exhibit A hereto; and

27    g. any document duplication, imaging or coding vendor retained by
28 a party to process discovery materials in this case, provided that a representative of

1. that vendor personally and on behalf of the vendor and its employees and agents
2. execute a copy of the provided each such person has first executed the
3. Acknowledgement of Non-Disclosure Under Protective Order in the form attached
4. as Exhibit A hereto before being shown or given any Confidential or Highly
5. Confidential Discovery Material.

6.     8.     Discovery Material designated as "Confidential" or "Highly
7. Confidential" shall not be given, shown, made available or communicated in any
8. way to any person or entity other than those persons described in this Order, and for
9. the purposes described in this Order.

10.     9.     Discovery Material designated as "Highly Confidential" shall not be
11. given, shown, made available or communicated in any way to any person or entity
12. other than those persons described in subparagraphs 7(a), 7(c), 7(d), 7(e), 7(f), 7(g)
13. of this Order, and for purposes described in this Order.

14.     10.     Prior to any disclosure of any Confidential or Highly Confidential
15. Discovery Material to any person referred to in paragraph 7 above, [*other than Court personnel,*] such person 
16. shall be provided a copy of this Protective Order and shall sign the
17. Acknowledgement of Non-Disclosure Under Protective Order in the form attached
18. as Exhibit A hereto stating that that person has read this Order and agrees to be
19. bound by its terms. Said counsel shall retain each signed nondisclosure agreement
20. and produce it to opposing counsel either prior to such person being permitted to
21. testify (at deposition or trial) or at the conclusion of the case, whichever comes
22. first. This paragraph is not intended to alter the procedures set forth in
23. subparagraph 7(e) above.

24.     11.     If at any time prior to the trial of this action, a party or person realizes
25. that some portion(s) of Discovery Material was produced without a confidentiality
26. designation when that material is entitled to be designated as Confidential or Highly
27. Confidential by that party or person, that party or person may so designate the
28. Discovery Material by apprising all parties in writing of the new designation, and

1  such designated portion(s) of the Discovery Material will thereafter be treated as
2  Confidential or Highly Confidential as appropriate, under the terms of this Order.
3  Once a party receives notice of the claimed re-designation under this paragraph,
4  that party shall make reasonable efforts to minimize the effect of any prior
5  distribution of the materials to persons not entitled to receive such re-designated
6  materials in accordance with paragraphs 7, 9, and 10. These efforts shall include
7  obtaining all copies of the materials which, prior to the re-designation, had been
8  distributed to persons no longer entitled to receive such materials.

9      12.   If a party contends that any material is not entitled to confidential
10  treatment, or wishes material originally designated as Highly Confidential to be re-
11  designated as Confidential, or seeks limited disclosure of otherwise protected
12  material, or otherwise desires some relief from the obligations imposed by this
13  Order, such party may at any time give written notice to the opposing party and any
14  person who designated any affected Discovery Material. The written notice shall
15  provide a reasonably specific description of the nature of relief sought and the basis
16  for the request. The parties and any affected person shall thereafter promptly meet
17  in good faith to resolve the request, and in no event more than ten (10) days
18  following the written notice (unless otherwise agreed upon among the parties). If
19  agreement is not reached within seven (7) days from the date such meet and confer,
20  the party seeking relief may move the Court for an order re-designating the
21  material, or permitting limited disclosure of otherwise protected material, or
22  providing the desired relief from this Order. The party or person seeking to
23  maintain the protected status of the affected material shall have the burden of
24  establishing that the material is entitled to protection.

25      13.   Notwithstanding any challenge pursuant to paragraph 12 to the
26  designation of material as Confidential or Highly Confidential, all information shall
27  be treated in accordance with its designated level of protection until: (a) the party or
28  person claiming confidential status withdraws such designation in writing; (b) the

party or person claiming confidential status fails to oppose a motion for an order under paragraph 12; or (c) the Court enters an Order in accordance with paragraph 12.

14. Any party or person subject to this Order, who intends to file or lodge with the Court (or submit to chambers) any Confidential or Highly Confidential Discovery Material, or any pleading, motion or other papers that disclose such Confidential or Highly Confidential Discovery Material, shall do so in compliance with the rules for filing documents under seal pursuant to Local Rule 79-5. The parties will use reasonable efforts to minimize the amount of material filed, lodged or submitted under seal. The parties understand that designation of documents as Confidential and Highly Confidential does not entitle the parties to have those documents filed under seal. Any application to file documents under seal must comply with Local Rule 79-5 and the parties must make the appropriate showing.



15. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential, *other than Court personnel,* shall take appropriate precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. The inadvertent production of any attorney-client privilege or the attorney work-product immunity shall be governed by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

17. If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as Confidential or Highly Confidential, the Receiving Party must so notify the Designating Party, in writing (by fax and email) promptly and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order. The purpose of imposing these duties is to alert the interested

1 parties to the existence of this Protective Order and to afford the Designating Party
2 in this case an opportunity to try to protect its confidentiality interests in the court
3 from which the subpoena or order issued. The Designating Party shall bear the
4 burdens and the expenses of seeking protection in that court of its Designated
5 Material. Nothing in these provisions should be construed as authorizing or
6 encouraging a Receiving Party in this action to disobey a lawful directive from
7 another court.

8   18.   This Protective Order shall survive the termination of the litigation.
9 Within 120 days of the final disposition of this action (including any and all
10 appeals), all Discovery Material designated by any other party or third party as
11 "Confidential" or "Highly Confidential" and all copies thereof (including any notes,
12 records, memoranda, summaries, compilations, or other materials incorporating
13 Confidential or Highly Confidential Discovery Material) other than materials or
14 information constituting or contained in unsealed pleadings, court filings,
15 correspondence, and trial and deposition transcripts, shall either be promptly
16 returned to the producing person, or destroyed within the time period, upon consent
17 of the party who provided the information, and the party destroying the materials
18 shall certify in writing within thirty (30) days that the documents have been
19 destroyed. Notwithstanding the foregoing, counsel of record for the parties may
20 retain a copy of all such documents for archival purposes in its files.

21   19.   ~~This Court shall retain jurisdiction over all persons subject to this~~
22 ~~Order to the extent necessary to enforce any obligations arising hereunder or to~~
23 ~~impose sanctions for any contempt thereof.~~



24   **IT IS SO STIPULATED.**



IT IS SO ORDERED.
DATED: 10/27/15

*Alicia G. Rosenberg*
UNITED STATES MAGISTRATE JUDGE

| | | | |
|---|---|---|---|
| 1 | DATED: | October 27, 2015 | **SJS COUNSEL, APC** |
| 2 | | | |
| 3 | | | By: /s/ *Samuel J. Smith* |
| 4 | | | Samuel J. Smith |
| 5 | | | Attorneys for Christopher Gordon |
| 6 | | | |
| 7 | DATED: | October 27, 2015 | **BRYAN CAVE LLP** |

By: /s/ Robert G. Lancaster
    Robert G. Lancaster
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
E-mail: rglancaster@bryancave.com

David A. Roodman (*Pro Hac Vice*)
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
E-mail: daroodman@bryancave.com

Attorneys for Defendant

WAL-MART STORES, INC.

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GORDON,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., et al.,<br><br>Defendants. | Case No. 2:15-cv-03588-AB-AGR<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. Andre Birotte Jr.<br>Courtroom: 4 |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will abide by the terms of the Protective Order and will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation, and I agree that at the conclusion of the litigation, I will promptly return all discovery information to the party or attorney from whom I received it.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Date: _____      _____

                                  Printed Name